UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRAL TRUST COMPANY, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01206-SRC |
| | ) |
| YVONNE BOHAC ALLEN, | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

After the state court entered judgment in one probate case and an order of default in another, Yvonne Allen filed one notice of removal in this Court seeking to remove both cases related to the administration of her late husband's trust.  Though apparently mindful that federal courts "do[] not usually handle probate matters[,]" Allen's attorney submitted a 45-page Notice of Removal, arguing that the Court has jurisdiction over the underlying probate cases "due to [e]xtrinsic acts of [f]raud . . . violations of Due Process under the 14th Amendment to the U.S. Constitution, violations of [ ] State and Federal Constitutional rights . . . money laundering . . . .violations of [c]ontractual law . . . [o]bstruction of [j]ustice . . . and clear acts of manifest injustice, as well as, gross judicial malfeasance."  Doc. 1 at pp. 3, 5.  Allen's assertions lack any legitimate basis, and, even if true, do not support federal subject-matter jurisdiction. The Court remands the cases to the state court.

**I.     Background**

Allen's Notice of Removal meanders in and out of fantastical arguments and suppositions.  Claiming violations of the nonexistent Rule 2.03 of the Federal Rules of Civil Procedure, several statutes governing civil procedure, and two criminal civil-rights statutes, Allen asks the Court to "send in an auditor" to the state court, consolidate this removed case with several other state court cases, order two banks to post a ten-million-dollar bond, reverse "any

and all orders" of the state court, as well as several other demands of a similar ilk.  Doc. 1 at pp. 3, 25, 42–43.

Allen attempts to remove two state court cases with a single notice of removal.  In the first removed case, *Central Trust Co. v. Allen*, 19SL-PR03008 (St. Louis Cnty. Cir. Ct. Sep. 19, 2019), Central, as trustee, petitioned the court for instructions regarding its management of the trust created by Allen's late husband.  Doc. 8 at pp. 1–9.  Central asked that it be discharged by the Court from any further responsibility for its administration.  *Id.* at p. 2.  Central further requested instructions from the Court because it was unsure how to allocate payment of the legal fees that it had incurred because of the numerous lawsuits filed against it by Allen and asked the Court to appoint a successor trustee.  *Id.* at p. 7.  The state court tried the case in February 2021, entered judgment for Central shortly afterwards, and denied Allen's motion for new trial over this past summer.  Doc. 7 at pp. 10–12, 14.  Allen filed a notice of removal in the state court on July 21, 2021, almost two years after Central brought the case. *Id.* at p. 14.

In the second removed case, *Parkside Fin. Bank & Trust v. Allen*, 21SL-PR01813 (St. Louis Cnty. Cir. Ct. May 13, 2021), Parkside, as the new trustee, also petitioned the court for instructions regarding its management of the trust.  Doc. 6-1 at pp. 8–19.  Allen apparently resides rent-free on trust property, and the trustee, Parkside, wished to confirm that it could sell the home.  *Id.* at pp. 13–14.  Allen apparently also has previous judgments against her that she must pay out of her interest in the trust, and Parkside wanted to know specifically how these payments should be deducted.  *Id.* at pp. 14–16.  The trustee also wanted the Court to clarify various other trust-related concerns.  *Id.* at pp. 16–17.  After Parkside served Allen on May 21, 2021, Allen did not respond.  Doc. 6-2 p. 2.  The state court entered an interlocutory order of default against Allen at the end of August 2021, and on September 10, 2021, Allen filed his notice of removal in state court.  While Allen had filed two notices of removal in these two

2

separate cases in the state court, on October 8, 2021, she filed her Notice of Removal in this Court purporting to combine the state court cases into one federal action.   Doc. 1 at p. 3.

## II.   Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.   28 U.S.C. § 1441(a).   The federal court must remand the case to state court if it appears *at any time* that the federal court lacks subject-matter jurisdiction.   28 U.S.C. § 1447(c) (emphasis added).   All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand to state court.   *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

When the removing party invokes federal-question jurisdiction, the propriety of removal is governed by the allegations in the complaint.[1]   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. The rule makes the plaintiff the master of the claim.").   Because plaintiffs control the allegations within their complaint, they generally may avoid federal jurisdiction by relying exclusively on state law.   *Id.*; *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## III.   Discussion

Allen primarily argues that numerous violations of federal law give the Court federal-question jurisdiction over the removed cases.   However, Allen occasionally also references the Court's diversity jurisdiction, so the Court addresses each in turn.

### A.   The Court does not have federal question jurisdiction

---

[1] A "petition" in Missouri state court serves as the analog of a federal "complaint."

3

Allen attempts to invoke federal-question jurisdiction by alleging violations of federal law. Allen claims—in a rambling, yet conclusory fashion—that opposing counsel and the state court committed myriad crimes and violated her constitutional rights. Despite this, Allen never points to any allegations or claims in the underlying complaints presenting a federal question. If a federal question does not appear on the face of the underlying petitions, this Court does not have federal-question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392.

As noted above, the *Central Trust* case only seeks relief under state law. For example, Central sought court approval of its management of the trust and asked the court to appoint a new trustee. Doc. 8 at pp. 2, 8. The complaint does not raise any federal questions, and the Court therefore lacks federal-question jurisdiction.

And as discussed, the *Parkside Financial* case also only seeks relief under state law. For example, Parkside sought instructions from the court regarding the disposition of trust property—on which Allen apparently resides rent-free. Doc. 6-1 at pp. 13–14. Parkside also sought to clarify various other probate concerns with the state court. *Id*. at pp. 16–17. This complaint likewise does not raise any federal questions, and the Court lacks federal-question jurisdiction.

Allen's argument that the Supreme Court's decision in *Marshall v. Marshall* permits the federal courts to hear probate cases also fails. *See* Doc. 1 at pp. 4–5. *Marshall* reaffirmed that the judicially created "probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). *Marshall* did recognize that this exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction," *id.* at 312, but this is not such a matter. As discussed, the removed cases involve only the administration of a trust created by Allen's late husband's will. Such cases fall squarely within the "probate exception" to federal jurisdiction. Allen cannot turn the underlying cases into

4

federal question cases by asserting violations of her civil rights and federal law during the trust administration process. *Caterpillar Inc.*, 482 U.S. at 392 ("Only state-court actions that *originally could have been filed in federal court* may be removed to federal court by the defendant.") (emphasis added).

      **B.**    **The Court does not have diversity jurisdiction**

Allen mentions the Court's diversity jurisdiction several times, albeit in passing. Doc. 1 at pp. 3–4. If Allen seeks to invoke the Court's diversity jurisdiction, she made no attempt in her lengthy Notice of Removal to show the diversity of the parties in the underlying cases, even though the party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). To the extent that Allen seeks removal based on diversity jurisdiction, the Court finds that she has not met her burden to demonstrate the diverse citizenship of the parties in the underlying lawsuits. Indeed, Allen resides in Missouri, Doc. 1 at p. 6, and upon the Court's review of the Missouri Secretary of State's public records, both Central and Parkside are Missouri corporations and thus Missouri citizens. *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records. . ."). Complete diversity does not exist in this case. The Court notes that even if diversity existed, Allen still could not remove the cases because of the forum-defendant rule. 28 U.S.C. § 1441(b)(2). While the parties can waive the benefit of this rule, the Court need not wait for them to raise the issue because, as discussed, the Court lacks jurisdiction for multiple other reasons. *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1064 (8th Cir. 2020) (en banc).

      **C.**    **Allen filed her Notice of Removal improperly and too late**

As mentioned, Allen improperly attempts to remove two state court cases in one notice of removal. *See* Doc. 1. The removal statute sets out what a defendant "desiring to remove any civil action from a State court" must do to achieve that purpose. 28 U.S.C. § 1446(a). This

5

includes filing a notice of removal in the district court. *Id.* But by its terms, the statute speaks only to the removal of a singular "action," such that a defendant in multiple suits wishing to remove multiple cases to federal court must file a separate notice of removal for each. *Id.* To the extent multiple removed cases might involve common questions of law or fact, the defendant must first remove each action and then move to consolidate the actions under Rule 42 if she wishes to litigate those cases together. Here the Court finds no basis for federal jurisdiction over either case purportedly removed by Allen's Notice of Removal, but also notes this procedural defect.

The Court further notes that Allen's Notice of Removal is untimely. The "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. §1446(b)(1). Central filed the older of the two lawsuits in September 2019 and Allen's attorney entered his appearance in that case on October 25, 2019. Doc. 7 at p. 2. The court held a bench trial in March 2021 and ruled against Allen. The court denied Allen's motion for a new trial a few months later. *Id.* at pp. 11–12, 14. Only after the court denied Allen's motion did Allen attempt to remove the case, years after the time for removal had passed. *Id.* at p. 14.

Parkside filed the other lawsuit in May 2021 and served Allen on May 21, 2021. Doc. 6-2 at p. 2. Allen failed to respond and waited until the court entered an interlocutory order of default against her before removing the case in September. Thus, Allen filed the Notice of Removal as to both cases too late because significantly more than 30 days had passed since the defendant had received the initial pleadings. *See* 28 U.S.C. § 1446(b)(1).

Allen has offered no explanation for her untimely filing. Indeed, Allen filed her Notice of Removal in *Central Trust* only after the state court had entered judgment against her, far after the time for removal had passed. A defendant may not remove a case after the state court has entered judgment, even if the defendant timely filed a notice of removal. *See Manna Ministry*

6

*Center v. Myers*, 12-4052-KES, 2012 WL 1969326, at *2–3 (D.S.D. May 31, 2012) (collecting cases). The Court also notes that post-judgment removal would put federal courts in the position of "exercising appellate jurisdiction over final state-court judgments," which the *Rooker-Feldman* Doctrine prohibits. *Schwartz v. Bogen*, 913 F.3d 777, 780 (8th Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

IV.    Conclusion

Allen fails to invoke the Court's subject matter jurisdiction. Accordingly, the Court remands these cases, 19SL-PR03008 and 21SL-PR01813, to the St. Louis County Circuit Court, and, pursuant to 28 U.S.C. § 1447(c), orders the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.

So Ordered this 29th day of October 2021.

                                                  _____
                                                  STEPHEN R. CLARK
                                                  UNITED STATES DISTRICT JUDGE